IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TA OPERATING LLC d/b/a | ) | Case No. 3:21cv286KHJ-MTP |
| TRAVELCENTERS OF AMERICA AND | ) | |
| PETRO STOPPING CENTERS, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Christopher Henry ("Henry" or "Plaintiff") hereby files this Complaint against Defendant TA Operating LLC d/b/a TravelCenters of America and Petro Stopping Centers ("Defendant") and, in support thereof, would show unto the Court the following:

### NATURE OF THE ACTION

1. Henry is a commercial truck driver who took his truck into Defendant's Jackson, Mississippi location for a routine oil change.

2. Defendant proceeded to drain the old oil from Plaintiff's truck, but failed to replace it with the proper amount of new oil.

3. Claiming to have completed a proper oil change, Defendant presented to Plaintiff a truck with little to no oil at all, which Plaintiff discovered when the truck ceased working after driving approximately 100 miles.

4. Defendant's grossly negligent failure to change the oil properly has caused catastrophic damage to Plaintiff's truck, which now requires a new engine. Defendant's negligence has also caused Plaintiff to lose wages, suffer emotional distress, and incur expenses

1

he would not have otherwise incurred.

## JURISDICTION AND PARTIES

5.  This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendant are residents of different states and the amount in controversy exceeds $75,000.

6.  Venue is properly in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Defendant is located in and does business within this District.

7.  Plaintiff Christopher Henry is, and has been at all times relevant to the instant matter, a natural person residing in the state of Georgia.

8.  Defendant TA Operating LLC is a limited liability company incorporated in the state of Delaware with managers residing in the states of Massachusetts and Ohio. Defendant may be served with process by service on its registered agent, Corporation Service Company, at 7716 Old Canton Road, Suite C, Madison, MS 39110.

9.  Defendant does business in Jackson, Mississippi as TA Truck Service, TravelCenters of America and/or Petro Stopping Centers.

## FACTUAL ALLEGATIONS

10. Henry is a self-employed over-the-road truck driver who drives a 2014 Freightliner Cascadia ("Vehicle"). Because the Vehicle is essential to Plaintiff's livelihood, he has always maintained the Vehicle in good operating order.

11. At around 10:00 p.m. CST on February 8, 2021, Henry took the Vehicle to Defendant's I-20 Frontage Road location for an oil change. Henry ordered the "Ultimate Oil Change," which included, *inter alia*, 11 quarts of oil.

12. After about 1.5 hours, Defendant told Plaintiff that the oil change was complete, and Henry paid Defendant $384.06.

13. Contrary to Defendant's representation to Henry, Defendant did not perform a proper oil change.

14. Specifically, Defendant did not add the proper amount of new oil – if Defendant added any oil at all.

15. Unaware of Defendant's negligence, Henry slept in the Vehicle for a couple of hours and then began traveling west on Interstate 20.

16. At approximately 3:30 a.m. and 100 miles later, the Vehicle's check engine light came on. About three minutes later, the shut off light illuminated forcing Henry to pull over and park the Vehicle on the shoulder of Interstate 20 in Louisiana.

17. Henry researched the code associated with the warning lights and the results stated that the code effectively meant there was no oil in the engine.

18. Henry checked the oil and found no oil on the dipstick. Henry added four quarts of oil, but the dipstick still showed no oil.

19. Henry called a roadside service, which brought him 12 quarts of oil. Henry added more oil to the Vehicle, but it would not run.

20. Henry then called Defendant, which sent a technician to the Vehicle.

21. The technician turned the Vehicle on and allowed it to run until it shut itself off after the warning lights came on. The technician repeated this process three times.

22. The technician then inspected the warning lights and found them to work properly. Further, the technician determined that the Vehicle's engine did not have an oil leak.

23. Despite finding no oil leak or other reason why the Vehicle's engine would have

no oil in it, the technician stated that Defendant did not cause the engine failure. Defendant then charged Henry almost $400 for this "road service."

24. At his own expense, Henry had the Vehicle towed to Patriot Fleet Service in Bossier City, Louisiana.

25. For the next month, Henry called and emailed Defendant seeking to resolve this issue.

26. On or about March 11, 2021, Defendant inspected the Vehicle and reiterated that Defendant did not cause the Vehicle's engine failure.

27. Henry requested a copy of Defendant's inspection report, but Defendant would not provide him with a copy.

28. Henry's Vehicle is his sole means of income.

29. The Vehicle's engine is beyond repair. The Vehicle requires a new engine to run again.

30. A new engine costs approximately $57,000.

31. In addition to the cost for a new engine, Henry has suffered wage loss, emotional distress, and has incurred out-of-pocket expenses.

## CLAIMS FOR RELIEF

### COUNT I
### Negligence

32. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

33. Defendant owed Henry the duty to perform the requested oil change with reasonable care.

34. Defendant knew, or should have known, that a proper oil change requires replacing an engine's old oil with a sufficient amount of new oil.

4

35. Defendant knew, or should have known, that a vehicle, like Henry's, requires oil to run properly, and driving such a vehicle without a sufficient amount of oil will damage the engine.

36. Defendant did not replace the old oil in Henry's Vehicle with the proper amount of new oil, which left no appreciable amount of oil in the Vehicle's engine.

37. Defendant's failure to properly perform the oil change proximately caused the damage to Henry's Vehicle.

38. Defendant's negligence entitles Plaintiff to an award of compensatory damages in an amount to be determined at trial.

39. Defendant's conduct constitutes gross negligence entitling Henry to an award of punitive damages, attorney's fees, and costs.

## COUNT II
### Breach of Contract

40. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

41. In the alternative, Defendant breach its contract with Henry.

42. Defendant entered into a contract with Henry to perform an oil change on Henry's Vehicle.

43. Henry paid Defendant $384.06 to perform the oil change.

44. Defendant breached the contract by not performing a proper oil change on Henry's Vehicle, but rather draining the old oil without adding the correct amount of new oil.

45. Defendant's breach caused Henry to suffer damages as described above.

46. Defendant's breach of contract entitles Henry to an award of compensatory damages in an amount to be determined at trial.

47. Defendant's conduct constitutes a willful or wanton disregard for Henry's rights

entitling him to an award of punitive damages, attorney's fees, and costs.

## COUNT III
## Breach of the Duty of Good Faith and Fair Dealing

48. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

49. The duty of good faith and fair dealing is inherent in every contract entered into in Mississippi.

50. Conduct that violates the standards of decency, fairness, or reasonableness constitutes a breach of the duty of good faith and fair dealing.

51. By failing to perform a proper oil change as described herein, Defendant failed to perform the contract with decency, fairness, or reasonableness.

52. Defendant's conduct constitutes a breach of the duty of good faith and fair dealing, which entitles Henry to an award of compensatory damages in an amount to be determined at trial.

53. Defendant's conduct constitutes a willful or wanton disregard for Henry's rights entitling him to an award of punitive damages, attorney's fees, and costs.

## JURY DEMAND

54. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff prays for the following relief:

A. compensatory damages in an amount to be determined at trial;

B. punitive damages in an amount to be determined at trial;

C. attorney's fees and costs; and

D. all other relief to which Henry may be entitled.

Respectfully submitted, this the 22nd day of April 2021.

[THIS SPACE INTENTIONALLY LEFT BLANK]

PLAINTIFF CHRISTOPHER HENRY,

*Brian K. Herrington*
Brian K. Herrington, MB# 10204
Chhabra Gibbs & Herrington PLLC
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
T: 601-326-0820
F: 601-948-8010
E: bherrington@nationalclasslawyers.com

*Attorney for Plaintiff*

**DEFENDANT TO BE SERVED:**

TA Operating LLC
c/o Corporation Service Company
7716 Old Canton Road, Suite C
Madison, MS 39110